United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Juan Reyes and Haday Reyes, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 16-23978-Civ-Scola |
| American Security Insurance Co., | ) | |
| Defendant. | ) | |

## Order on Motion to Remand

This matter is before the Court on the Plaintiffs Juan and Haday Reyes's motion to remand (ECF NO. 16). The Plaintiffs filed a complaint in state court, which was served on the Defendant on August 25, 2016, alleging a common law breach of contract claim and seeking attorney's fees pursuant Florida Statutes. (Notice Ex. 3, ECF No. 1-4.) The Defendant American Security Insurance Company properly removed the complaint on September 16, 2016. Now, seven months later, the Plaintiffs claim that this Court should remand the case to state court because the amount in controversy does not exceed the required $75,000.[1] (Mot. ¶¶ 5–6, ECF No. 16.) The Defendants oppose remand and assert that the Plaintiffs' claims exceed the jurisdictional amount in controversy. (Resp. ¶¶ 6–8, ECF No. 18.) Having reviewed the Motion, the record, and the relevant legal authorities, for the reasons that follow, the Court **denies** the motion to remand (**ECF No. 16**).

### 1. Background

The Plaintiffs originally filed this action on June 1, 2015, in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. (Notice Ex. 3, Case no. 16-cv-20518-UU, ECF No. 1-4.) American Security properly removed that case to federal court, but Judge Ursula Ungaro dismissed the case after the Plaintiffs' repeated failure to comply with the court's orders. (Order, Case no. 16-cv-20518-UU, ECF No. 13.) In that case, the Plaintiffs admitted that the amount in controversy exceeded $75,000. (Notice Ex. 6 at 3-4, ECF No. 1-7.)

Then, the Plaintiffs refiled their action in state court on August 19, 2016. (Notice Ex. 3, ECF No. 1-4.) American Security again removed the case to

---

[1] The Court notes that the Plaintiffs failed to comply with Local Rule 7.1(a)(3), which requires the filing attorney to confer with all parties affected by the motion to attempt to resolve issues prior to seeking judicial intervention. Local Rule 7.1(a)(3) expressly provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion." In other words, this Court could have denied the motion for procedural defects.

federal court. (Notice, ECF No. 1.) American Security's notice of removal included the cost estimate to repair cosmetic damages totaling $65,018 and the Plaintiff's admissions from the earlier case. (Notice Exs. 5 and 6, ECF Nos. 1-6 and 1-7.)

## 1. Legal Standard for Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 239 F.3d 805, 807 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). Original diversity jurisdiction exists where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The removing party has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (internal citations omitted).

The parties dispute only whether the amount in controversy in this action exceeds $75,000.00, as required by Section 1332(a). In determining the amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim," and may review the record for evidence relevant to the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard and defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *Pretka*, 608 F.3d at 755.

## 2. Analysis

The Plaintiffs' complaint only specifically seeks $65,018, and their primary argument for remand rests on the assertion that American Security improperly included attorney's fees in the calculation of the amount in controversy. (Mot. ¶¶ 5, 13–15.) American Security raises three arguments in opposition: (1) the Plaintiffs sued to recover benefits under an insurance policy *and* statutory attorney's fees; (2) the Plaintiffs previously admitted to an amount in controversy in excess of $75,000; and (3) if sinkhole activity were confirmed, Florida law requires American Security to cover not just the cost of cosmetic damages but also the cost to perform and monitor subsurface repairs. (Resp. at 2, 4.)

"When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) (Scola, J.) (citing *Missouri*

*State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). To determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *See Pretka*, 608 F.3d at 755; *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352 (M.D. Fla. 2008). The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, but the evidence does not need "to establish the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka*, 608 F.3d at 755.

The Plaintiffs have requested attorney's fees under section 627.428, Florida Statutes (2013), which provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which recovery is had.

If the Plaintiffs were to prevail, they would be entitled to an award of attorney's fees under section 627.428. As such, the inclusion of attorney's fees in the calculation of the amount in controversy is appropriate.

In order to reach the jurisdictional amount in controversy, American Security needed to establish that the Plaintiffs' reasonable attorney's fees would exceed $9,982. Certainly this amount is plausible for an award of attorney's fees in sinkhole litigation. However, American Security provided no evidence to support that assertion. *Cf. Northup Props., Inc. v. Chesapeake Appalachia LLC*, 567 F.3d 767, 770–71 (6th Cir. 2009) (concluding that the defendant's affidavits were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing"). Thus, the Court cannot determine based on the allegations with respect to attorney's fees contained in the notice of removal whether the Court has subject-matter jurisdiction.

Nonetheless, separate and apart from whether to include attorney's fees in the total amount in controversy, the doctrine of judicial estoppel precludes the Plaintiffs from asserting that their claims do not exceed $75,000. "Judicial estoppel is an equitable doctrine invoked at the court's discretion, intended to protect the integrity of the judicial process by preventing parties from making one representation in one case, only to change its position in a subsequent, related case." *James River Ins. Co. v. Fortress Sys., LLC*, 899 F. Supp. 2d 1331,

1333 (S.D. Fla. 2012) (Cohn, J.) (citing *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001). The court in the previous proceeding need not have ruled upon or accepted the party's representation. *Sumner v. Michelin N. Am., Inc.*, 966 F. Supp. 1567, 1577 (M.D. Ala. 1997). Instead, judicial estoppel precludes a party "from asserting a proposition in the present proceeding merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath an allegation to the contrary." *Bregman v. Alderman*, 955 F.2d 660, 664 n.3 (11th Cir. 1992) (internal citation and quotations omitted).

Simply put, judicial estoppel prevents precisely what the Plaintiffs attempt to do here. In the previous proceeding, arising from exactly the same breach-of-contract claim at issue here, the Plaintiffs admitted that the amount in controversy exceeded $75,000. That admission remains conclusively established. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."). Having been conclusively established in the previous proceedings, the Plaintiffs cannot now attempt to escape the amount in controversy by alleging a damages amount based only on cosmetic repairs. Thus, American Security's notice of removal includes more than a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because the Plaintiffs' admission establishes the jurisdictionally required amount in controversy, the Court does not reach the issues of whether Florida law requires American Security to cover costs beyond mere cosmetic repair and, if so, how that would affect the amount in controversy.

Accordingly, the Court **denies** the Plaintiffs' motion to remand (**ECF No. 16**).

**Done and ordered**, at Miami, Florida, on May 25, 2017.

Robert N. Scola, Jr.
United States District Judge